UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| RICHARD ALLEN WALTON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | No. 2:17-cv-0052-LJM |
| BRIAN SMITH, Superintendent, | ) |  |
| Respondent. | ) |  |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Richard Allen Walton for a writ of habeas corpus will be dismissed without prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

The pleadings and the expanded record in this action for habeas corpus relief show the following: On September 3, 2015, Walton entered a plea of guilty in Martin County to a Level 5 felony of operating a vehicle with a lifetime suspension of driving privileges. He was sentenced to four years. On November 17, 2015, Walton filed a petition for state post-conviction relief. This petition has been amended twice, most recently on October 31, 2016. The amended post-conviction relief remains pending in the trial court. The present action for federal habeas corpus relief was filed on January 31, 2017.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust

available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004) (internal quotations and citations omitted). In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the state has led to substantial injustice to the petitioner. *See Granberry v. Greer,* 481 U.S. 129, 135–36 (1987); *see also Jackson v. Duckworth,* 112 F.3d 878, 881 (7th Cir. 1997). To qualify for this extraordinary exception, the delay must be both "inordinate" and "unjustifiable." *Jackson*, 112 F.3d at 881. For example, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years," the Seventh Circuit found a basis to excuse the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth,* 663 F.2d 42, 43 (7th Cir. 1981). *See also Jackson,* 112 F.3d at 878–79 (stating in *dicta* that the state's failure to take any action on a post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement).

An action for post-conviction relief in Indiana has been held to be an available and meaningful state court remedy for purposes of satisfying the exhaustion requirement of the federal habeas statute. *See Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). As the circumstances recounted above show, Walton had not exhausted available state court remedies at the time the action was filed, nor has he done so since the action was filed. He has not shown any delay in the pending action for post-conviction relief to be both "inordinate" and "unjustifiable."

The action is therefore dismissed without prejudice based on Walton's failure to

exhaust available remedies in the Indiana state courts prior to filing this action.

Judgment consistent with this after he shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Walton has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In fact, this disposition does not produce an appealable final judgment. *Gacho v. Butler*, 792 F.3d 732, 736 (7th Cir. 2015). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 9/5/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD ALLEN WALTON
208565
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

James Blaine Martin
OFFICE OF THE ATTORNEY GENERAL
james.martin@atg.in.gov